PAUL M. WARNER, United States Attorney (#3389)
MICHELE M. CHRISTIANSEN, Assistant United States Attorney (#7259)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 22 2003

MARKUS B. ZIMMER, CLERK
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:03CR 0151JTG |
| Plaintiff, | : | |
| vs. | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| ROBBIE SIMPSON, | : | |
| | | Honorable J. Thomas Greene |
| Defendant. | : | |

   I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

   1. The nature of the charge against me has been explained. I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me.

   2. I know that the maximum possible penalty provided by law for Count I, a violation of Title 18, United States Code, Section 2422(b) (Coercion and Enticement), is a term of imprisonment of 15 years, a fine of $250,000.00, and a term of supervised release of 3 years. I know that the possible penalty provided by law for Count III, a violation of Title 18, United States Code, Section 2252A(a)(5)(b) (Possession of Child Pornography), is a term of imprisonment of 5 years, a fine of $250,000.00, and a term of supervised release of 3 years. I understand that if the supervised release term is violated, I can be returned to prison for the remainder of my sentence <u>and</u> the full length of the supervised release term. Additionally, I know the court is required to impose an assessment in

amount of $200.00 and that restitution to the victims of my offense shall be ordered pursuant to Title 18, United States Code, Section 3663A.

3. I know that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to the Sentencing Reform Act of 1984, and I have discussed these facts with my attorney. I further know that the final calculation by the Court for sentencing purposes under the procedures applicable to that Act may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. Under a plea of guilty, there will not be a trial of any kind.

8. I know I may appeal a sentence imposed under this plea of guilty in the following circumstances:

(a) If the sentence was imposed in violation of law;

(b) If the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines;

(c) If the sentence is greater than the sentence specified in the applicable guideline range, to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more restrictive condition of probation or supervised release than those provided under 18 U.S.C. § 3563; or

(d) If the sentence was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable.

9. I know there is no appellate review of any lawful sentence imposed under a plea of guilty.

10. I also know the United States may appeal a sentence imposed under this plea of guilty in the following circumstances:

(a) If the sentence was imposed in violation of law;

(b) If the sentence was imposed as a result of an incorrect application of the Sentencing Guidelines;

(c) If the sentence is less than the sentence specified in the applicable guideline range, to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release other than the minimum established in the guideline range, or includes a less restrictive condition of probation or supervised release than those provided under 18 U.S.C. § 3563; or

(d) If the sentence was imposed for an offense for which there is no sentencing guideline and the sentence is plainly unreasonable.

11. I know that under a plea of guilty the judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me and, if I give false answers, I can be prosecuted for perjury.

12. I stipulate and agree that the following facts accurately describe my conduct. They provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> On or about January 22, 2003, through February 11, 2003, in the District of Utah and elsewhere, Robbie Simpson used a facility of interstate commerce, that is, Yahoo! Instant Messaging, to communicate in Internet chatrooms with "jennygirl_13_2002," an individual the defendant believed was a 13 year old girl living in Utah. In reality, Simpson was in communication with a Special Agent of the Federal Bureau of Investigation. During the course of the communications, Simpson knowingly and intentionally attempted to persuade, induce, entice, and coerce "jennygirl_13_2002" to engage in an unlawful sexual acts. Utah Code Section 76-5-404.1 makes it a crime for a person to commit sexual abuse of a child. A person commits sexual abuse of a child if the actor engages in any sexual act upon or with a child who is younger than 14. The chatroom communications traveled from the defendant's computer in Utah to a Yahoo! server in California and then to the agents's computer in Utah. Simpson's actions were in violation of Title 18, United States Code, Section 2422(b).
>
> On or about December 3, 2002, in the District of Utah and elsewhere, Robbie Simpson knowingly possessed visual depictions of child pornography, as defined in Title 18, United States Code, Section 2256(A). Defendant stipulates that the child pornography in question involved the use of real children engaging in sexually explicit conduct. The child

-4-

pornography was received and possessed by Simpson through the use of his computer, and that these images traveled in interstate and foreign commerce. Simpson's actions violated Title 18, United States Code, Section 2252A(a)(5)(B).

13. This plea agreement is made pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A. The defendant agrees to:

        1. Plead guilty to Counts I and III of the Indictment.

    B. In exchange, the United States Attorney's Office for the District of Utah agrees to:

        1. Recommend that the defendant's offense level under the Sentencing Guidelines be decreased by two or three levels, as appropriate, for acceptance of responsibility if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, as set forth in Section 3E1.1 of the Sentencing Guidelines; and

        2. Recommend that the defendant be sentenced at the low end of the applicable guideline range as determined by the United States Probation Office.

14. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

15. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not

follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

16. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

17. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

*   *   *   *

I make the following representations to the Court:

1. I am _28_ years of age. My education consists of _2 yr_. I can read and understand English.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this _22_ day of _July_, 2003.

_____
ROBBIE SIMPSON
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 22 day of July, 2003.

KENNETH BROWN
Attorney for Defendant

This statement sets forth the entire agreement entered into by the United States.

DATED this 22nd day of July, 2003.

PAUL M. WARNER
United States Attorney

MICHELE M. CHRISTIANSEN
Assistant United States Attorney